UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLASEBIKAN N. AKINMULERO,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES ATTORNEY GENERAL, *et al.*,<br><br>  Defendants. | NO. C20-1135RSL<br><br>ORDER REQUIRING MORE DEFINITE STATEMENT |

On August 6, 2020, plaintiff's application to proceed *in forma pauperis* was granted and his complaint was accepted for filing. The complaint lists five defendants, two federal agencies and three cabinet-level positions. Dkt. # 5 at 1. Although plaintiff asserts that he is bringing suit against state or local officials under 42 U.S.C. § 1983 (Dkt. # 5 at 4), all of the named defendants are federal entities. As such, a civil rights claim for damages can be brought only under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* cause of action cannot be asserted directly against a federal agency or the head of an agency in his or her official capacity. The logic of *Bivens* itself does not support the extension of a cause of action from federal agents to their employers. In *Bivens*, the petitioner sued the agents of the Federal Bureau of Narcotics who allegedly violated his rights, not the Bureau itself, and the

ORDER REQUIRING MORE
DEFINITE STATEMENT - 1

Court implied a cause of action against the agents in part because a direct action against the government was not available. 403 U.S. at 389-90 and 410. The Court cannot imply a damages action based on a decision that presumed the absence of that very action. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994).

It is possible that plaintiff is seeking relief from an immigration determination (*i.e.*, he is requesting judicial review of agency action), rather than damages. If that is the case, he has not identified what statute or regulation has been violated and has not shown that the Court has jurisdiction to hear his claim.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013).

Read in the light most favorable to plaintiff, the complaint is defective for the above-stated reasons: the named defendants cannot be sued for damages under *Bivens* and plaintiff has not adequately stated a claim for review of agency action. In addition, most of the named defendants are identified only in the caption, with no mention in the body of the complaint. These defendants would have to guess what acts they are supposed to have committed and how those acts relate to, much less establish, plaintiff's claims.

ORDER REQUIRING MORE
DEFINITE STATEMENT - 2

For all of the foregoing reasons, the Court declines to issue summons in this matter. Plaintiff is hereby ORDERED to file on or before **September 14, 2020**, an amended complaint which (a) specifies whether plaintiff is seeking an award of damages for constitutional violations or judicial review of agency action and (b) clearly and concisely identifies the acts of which each named defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts in support of each legal claim asserted that one could conclude that plaintiff's right to relief is as least plausible. The amended complaint will replace the existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, September 18, 2020.

Dated this 7th day of August, 2020.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge