UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLASEBIKAN AKINMULERO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Cause No. C20-1135RSL<br><br>ORDER OF REMAND |

This matter comes before the Court on "Defendants' Motion for Summary Judgment" (Dkt. # 56), plaintiff's "Cross Motion Opposition and Summary Judgment Pleading" (Dkt. # 62), and plaintiff's motion to strike defendants' supplemental authority (Dkt. # 71). Having reviewed the memoranda, declarations, and exhibits submitted by the parties, including defendants' supplemental authority, the Court finds as follows:

Plaintiff is a Nigerian national who originally entered the United States in August 1979 as a nonimmigrant student. In February 2015, plaintiff filed a Form I-485 seeking to adjust his status to lawful permanent resident under Section 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i). The U.S. Citizenship and Immigration Services ("CIS") noted that plaintiff had been deported from the United States in March 1986, had re-entered the country a month later without having first obtained consent to reapply for admission, and was therefore

ORDER OF REMAND - 1

ineligible for adjustment of status under INA § 212(a)(9)(A)(ii), 8 U.S.C. § 1182(a)(9)(A)(ii).[1] CIS requested additional evidence, instructing plaintiff to request a waiver of this ground of inadmissibility by submitting a Form I-212 application for permission to reapply for admission to the United States. It rejected plaintiff's argument that his approved Form I-690, which had been submitted in 2005 in a bid to waive a ground of inadmissibility related to legalization under INA § 245A, 8 U.S.C. § 1255a,[2] was sufficient. CIS noted that the benefits sought were different, as was the analysis for evaluating Form I-212 and Form I-690 applications. The former requires a balancing of all pertinent facts, both positive and negative, related to an adjustment to legal permanent resident status, while the latter focuses on whether humanitarian needs, family unity, and/or the public interest will be served by waiving an impediment to legalization.

Plaintiff responded to the request for evidence by insisting that the approved Form I-690 waives the INA § 212(a)(9)(A)(ii) grounds of inadmissibility for all purposes. He argued that the evaluation of his Form I-690 covered all positive and negative factors and that the analysis was therefore the same as would be done for a Form I-212 waiver. CIS again found that an applicant "must establish different eligibility requirements for the two waivers and [that] they address two separate sections of the INA." Dkt. # 57-1 at 9. Because the waivers were not interchangeable

---

[1] Section 212(a)(9)(A)(ii) makes ineligible for immigration benefits aliens who departed the United States while an order of removal was outstanding and who seek admission within 10 years of their departure or removal.

[2] In 1986, Congress established a path for certain aliens unlawfully in the United States to become legal residents, a process known as "legalization." *Proyecto San Pablo v. INS*, 189 F.3d 1130, 1134 (9th Cir. 1999) (discussing the Immigration Reform and Control Act of 1986, codified at 8 U.S.C. § 1255a).

ORDER OF REMAND - 2

and plaintiff declined to submit a Form I-212, CIS found that plaintiff was not eligible to adjust status and denied his Form I-485 application.

Plaintiff filed this lawsuit asserting that the demand that he request permission to reapply for admission to the United States violates the Administrative Procedure Act and his due process rights and is barred by the doctrine of res judicata/collateral estoppel.

**A. Administrative Procedure Act ("APA")**

Under the APA, a "reviewing court shall -- (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or] (C) in excess of statutory jurisdiction, authority, or limitations . . . . 5 U.S.C.A. § 706. Plaintiff seems to be arguing that the Court should compel agency action in his favor under § 706(1) because the denial of the adjustment application was unreasonable. Dkt. # 62 at 2.³ By its plain language, subsection (1) applies to failures to act: it does not provide an avenue through which to substantively challenge the merits of an agency's decision. "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete agency action that it is required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis in original). Because plaintiff has not identified any failure to act or unreasonable delay, his § 706(1) claim will be dismissed.

---

³ Plaintiff twice cites to *Dong v. Chertoff*, 513 F. Supp.2d 1158, 1161 (N.D. Cal. 2007), for the proposition that an unreasonable denial of his application can support a claim under 5 U.S.C. § 706(1). Plaintiff misquotes the case, however. It does not say that agency action can be compelled where relief was "unreasonably denied" but rather where it was "unreasonably delayed."

ORDER OF REMAND - 3

Plaintiff's challenges under § 706(2) are variously stated, but the general argument is that CIS lacked the authority to require the submission of Form I-212 when determining his eligibility for lawful permanent resident status, that requiring a Form I-212 is arbitrary and capricious where "the texture" of such a waiver would be exactly the same as the waiver he was already granted through Form I-690, and that requiring a Form I-212 is arbitrary and capricious when the applicant for adjustment of status is already in the United States. Plaintiff further argues that, once the requirement of a Form I-212 application is invalidated, the denial of the Form I-485 was arbitrary and capricious and the decision should be reversed.

While the Court agrees that requiring him to file a Form I-212 was arbitrary, capricious, and otherwise not in accordance with the law in the circumstances presented here, it does not follow that he is automatically entitled to an adjustment of status under INA § 245(i). In order to obtain adjustment of status under that provision, an alien who is physically present in the country must nevertheless show that he or she is "admissible to the United States for permanent residence." 8 U.S.C. § 1255(i)(2). Section 212 of the INA identifies classes of aliens who are ineligible for admission. 8 U.S.C. § 1182. In rejecting plaintiff's request for adjustment of status, CIS relied upon INA § 212(a)(9)(A)(ii) and (iii), finding that plaintiff had departed the United States while under an order of removal, had reentered within ten years of the departure, and had not obtained the Attorney General's consent to reapply for admission prior to reentry.

But CIS did not simply deny adjustment of status because plaintiff did not qualify for the INA § 212(a)(9)(A)(iii) exception. Rather, it requested that plaintiff submit an application for permission to reapply, apparently in the belief that an application made from within the United

ORDER OF REMAND - 4

States could cure the deficiencies identified. The statute, however, makes clear that the consent exception to the inadmissibility of a previously removed alien applies only if the Attorney General's consent is obtained "prior to the date of the alien's reembarkation at a place outside the United States." 8 U.S.C. § 1182(a)(9)(A)(iii). The Ninth Circuit has confirmed that, despite inconsistent rulings in the past, the exceptions to inadmissibility stated in § 1182(a)(9)(C)(ii)-(iii) require that the alien obtain permission to apply for readmission while outside the United States and prior to attempting to be readmitted to this country. *Carrillo de Palacios*, 708 F.3d at 1069-70 (quoting *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007)). Making plaintiff submit an application for permission to apply for readmission from within the United States is pointless: the relief sought is not available under the express terms of the governing statute regardless whether the Attorney General consents to the reapplication. Because CIS denied adjustment of status based on a refusal to submit a form that was irrelevant to the relief requested, it abused its discretion.

      The matter will be remanded to CIS for further consideration. While plaintiff's contention that an approved Form I-690 waives the INA § 212(a)(9)(A)(ii) grounds of inadmissibility for all purposes is unavailing (see below), CIS has not addressed plaintiff's argument that the continuity of his residency in the United States was restored as a result of the *Proyecto San Pablo* decision, a point which CIS concedes in its decision letter, Dkt. # 57-1 at 7. If, as plaintiff suggests, his prior deportation was unlawful and has been expunged, the underlying assumption that he is inadmissible under INA § 212(a)(9)(A) must be revisited.

ORDER OF REMAND - 5

### B. Due Process

The nature of plaintiff's due process claim is not entirely clear. He does not assert that he is in the government's custody or control, but instead argues that his due process rights were violated "when the adjustment of status was denied because plaintiff reject subjection [sic] to second prosecution." Dkt. # 62 at 4. As discussed below, however, the immigration proceedings at issue varied materially, and plaintiff has not shown that the *Proyecto San Pablo* decision gave him a right or entitlement to adjustment of status.

### C. Double Jeopardy and Res Judicata

Plaintiff's due process and res judicata arguments are based on the arguments that a Form I-690 waiver has already been granted as a result of the *Proyecto San Pablo* decision, that an approved Form I-690 application waives the INA § 212(a)(9)(A) grounds of inadmissibility for all purposes, and that forcing plaintiff to again apply for a waiver constitutes double jeopardy and/or is precluded by the doctrine of res judicata. In order to make this argument, plaintiff focuses on the word "inadmissibility" but ignores or deems unimportant (a) the differing reasons for which an alien may be deemed inadmissible, (b) the discretion granted the Attorney General when determining whether to waive inadmissibility for various purposes and programs, and (c) the different factors considered under the two programs served by the Form I-690 and the Form I-212.

//

ORDER OF REMAND - 6

For all of the foregoing reasons, the cross-motions for summary judgment (Dkt. # 56 and # 62) are GRANTED in part and DENIED in part, and plaintiff's motion to strike (Dkt. # 71) is DENIED. This matter is hereby remanded to CIS for further consideration of plaintiff's adjustment of status application.

Dated this 23rd day of January, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 7