UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLASEBIKAN AKINMULERO,<br><br>        Plaintiff,<br><br>      v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>        Defendants. | Cause No. C20-1135RSL<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND DISMISSING CLAIMS |

On January 23, 2023, plaintiff's motion for summary judgment was granted in part and the above-captioned matter was remanded to the United States Citizenship and Immigration Services ("USCIS") for further consideration of plaintiff's adjustment of status application. Defendants timely filed a motion for reconsideration (Dkt. # 73),[1] and the Court requested additional briefing (Dkt. # 77).[2] Having reviewed the submissions of the parties, the Court finds as follows:

---

[1] Because defendants properly filed their motion for reconsideration under Local Civil Rule 7(h)(2), Federal Rule of Civil Procedure 60 does not pose a bar to the relief requested.

[2] Defendants notified the Court that they had failed to properly serve the motion for reconsideration on plaintiff, and the briefing schedule was reset. Plaintiff's objection to this procedure (Dkt. # 78) is overruled.

ORDER GRANTING MOTION
FOR RECONSIDERATION
AND DISMISSING CLAIMS - 1

There is a split in this district regarding whether 8 U.S.C. § 1252(a)(2)(B) precludes judicial review of the denial of an adjustment of status application made under 8 U.S.C. § 1255 in the circumstances presented here. *See Garcia v. USCIS*, No. 3:22-cv-5984-BJR, Dkt. # 37 (W.D. Wash. Apr. 17, 2023); *Hernandez v. USCIS*, No. 2:22-cv-00904-MJP, Dkt. # 14 (W.D. Wash. Nov. 30, 2022). As the Honorable Marsha J. Pechman, United States District Judge, correctly points out, "[n]either the Supreme Court nor the Ninth Circuit has squarely addressed whether Subparagraph (B) applies outside of removal proceedings." *Hernandez*, Dkt. # 14 at 9. However, the situation was discussed by the Supreme Court in *Patel v. Garland*, with the majority noting that Congress had amended the statute to "expressly extend[] the jurisdictional bar to judgments made outside of removal proceedings at the same time they preserved review of legal and constitutional questions made within removal proceedings." 142 S. Ct. 1614, 1626 (2022). Every Court of Appeals that has considered the issue has concluded that judicial review of adjustment of status determinations made by USCIS outside of the removal context is barred. *Abuzeid v. Mayorkas*, 62 F.4th 578 (D.C. Cir. 2023); *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023); *Doe v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 22-11818, 2023 WL 2564856 (11th Cir. Mar. 20, 2023). And the Ninth Circuit has assumed without discussion on at least four occasions that the jurisdiction-stripping provision of subparagraph (B) applies outside of the removal context. *See Herrera v. Garland*, No. 21-17052, 2022 WL 17101156 (9th Cir. Nov. 22, 2022); *Poursina v. USCIS*, 936 F.3d 868 (9th Cir. 2019); *Gebhardt v. Nielsen*, 879 F.3d 980 (9th Cir. 2018); *Hassan v. Chertoff*, 593 F.3d 785 (9th Cir. 2010) (per curiam).

ORDER GRANTING MOTION
FOR RECONSIDERATION
AND DISMISSING CLAIMS - 2

This interpretation is supported by the plain language of 8 U.S.C. § 1252(a)(2)(B), which states:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . , and except as provided in subparagraph (D), *and regardless of whether the judgment, decision, or action is made in removal proceedings*, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title . . . .

(emphasis added). Section 1255 is the section of the statute under which plaintiff sought adjustment of status, and "subparagraph (D) preserves review of legal and constitutional questions only when raised in a petition for review of a final order of removal," which is not the situation presented here. *Patel*, 142 S. Ct. at 1626. Giving the ordinary meaning to the statutory language results in the conclusion that the Court lacks the power to review any aspect of the agency's judgment regarding plaintiff's adjustment of status application unless it falls within subparagraph (D). Judge Pechman does not suggest an alternative construction of the italicized language that would allow such review, instead focusing on "the presumption favoring judicial review of administrative action" and § 1252's title, "Judicial review of orders of removal." *Hernandez*, Dkt. # 14 at 11-12. The Supreme Court expressly rejected the first argument, *Patel*, 142 S. Ct. at 1627, and, while statutory titles and section headings "are tools available for the resolution of a doubt about the meaning of a statute," *Porter v. Nussle*, 534 U.S. 516, 528

ORDER GRANTING MOTION
FOR RECONSIDERATION
AND DISMISSING CLAIMS - 3

(2002), they "cannot substitute for the operative text of the statute," *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 47 (2008).

For all of the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over plaintiff's claims. The motion for reconsideration is GRANTED, and this matter is DISMISSED.

Dated this 24th day of April, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR RECONSIDERATION
AND DISMISSING CLAIMS - 4